UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAROL B.,

        Plaintiff,

    v.                                         **DECISION AND ORDER**

                                                              22-CV-996S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

    1.    Plaintiff Carol B.[1] brings this action, pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

    2.    Plaintiff protectively filed her applications with the Social Security Administration on July 1, 2016. Plaintiff alleged disability beginning on January 15, 2016, initially due to anxiety, depression, obesity, asthma, bilateral hearing loss, and osteoarthritis of the left knee. Plaintiff's applications were denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

    3.    On December 12, 2018, ALJ Mary Mattimore held a hearing at which Plaintiff was represented by a non-attorney representative and Vocational Expert

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

Roxanne Benoit appeared and testified. (R.[2] at 16, 687, 133-77.) At the time of the hearing, Plaintiff was a 50-year-old woman with a high school education and past work experience as a counter attendant, coffee-shop/lunchroom worker (R. at 24, 695).

4. This ALJ considered the case *de novo* and, on January 29, 2019, issued a written decision denying Plaintiff's applications for benefits, finding that Plaintiff could perform light work (R. at 16, 687, 620). After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed her first action challenging the Commissioner's decision. This action resulted in a Decision and Order issued by Hon. Jeremiah J. McCarthy on August 17, 2021, that remanded the matter for further proceedings because the Appeals Council refused to consider treatment notes of Lydia Lutkoff, ANP, and Bridget Vaccaro, FNP, issued after the ALJ's decision. Carol S. B. v. Comm'r, No. 1:20-CV-690-JJM, 2021 WL 3629397, at *2-3 (W.D.N.Y. Aug. 17, 2021) (R. at 702, 711-14).

5. Thereafter, on January 18, 2022, the Appeals Council vacated the ALJ's 2019 decision and directed further proceedings consistent with Magistrate Judge McCarthy's Decision (R. at 720). ALJ Paul Georger conducted a second hearing on June 24, 2022, by teleconference due to the COVID-19 pandemic where Plaintiff was represented by counsel and vocational expert Edmond Calandra appeared and testified (R. at 620, 642-83). On August 29, 2022, ALJ Georger issued his decision denying Plaintiff's claims for benefits (R. at 620).

---

[2] Citations to the underlying administrative record are designated as "R."

2

6. Following the ALJ's decision, Plaintiff filed the current action, challenging the Commissioner's final decision.[3] (Docket No. 1.)

7. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 10, 11.) Plaintiff filed her Response on May 30, 2023 (Docket No. 12), declaring that a reply was not necessary (id. at 1), at which time this Court took the Motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion will be granted and Defendant's motion will be denied.

8. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 26 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

9. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must

---

[3] The ALJ's August 29, 2022, decision became the Commissioner's final decision on this matter by operation of 42 U.S.C. §§ 405(g), 1383(c)(3).

3

also include that which detracts from its weight." <u>Williams</u> *ex rel.* <u>Williams v. Bowen</u>, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  <u>Rosado v. Sullivan</u>, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  <u>Valente v. Sec'y of Health & Human Servs.</u>, 733 F.2d 1037, 1041 (2d Cir. 1984).

10. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  <u>See</u> 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in <u>Bowen v. Yuckert</u> and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

11. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the

> fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work.  Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

12.     Although the claimant has the burden of proof at the first four steps, the Commissioner has the burden of proof at the fifth and final step.  See Yuckert, supra, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520(f), 416.920(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 76 L. Ed. 2d 66 (1983).

13.     The ALJ analyzed Plaintiff's claim for benefits under the process set forth above.  At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 15, 2016, the onset date.  (R. at 622, 18.)  At Step Two, the ALJ found that Plaintiff had the following severe impairments:  degenerative disc disease of cervical and thoracic spine, obesity, degenerative joint disease of the right hallux, major depressive disorder, unspecified anxiety disorder, asthma, and osteoarthritis of the left knee.  (R. at 623.)  At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. at 623.)

14. Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that she could occasionally climb ramps, stairs, ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. The ALJ further found that Plaintiff could face occasional exposure to moving mechanical parts, pulmonary irritants such as dusts, odors, and fumes.  The ALJ also found that Plaintiff must have no exposure to extreme heat or extreme cold, and she can have exposure to moderate noise (such as a vacuum cleaner).  Further, the ALJ concluded that Plaintiff could perform simple, routine, and repetitive tasks but not at a production rate pace (e.g., assembly line work); that she could perform simple work-related decisions; and that she may have occasional interaction with supervisors.  (R. at 625.)

15. At Step Four, the ALJ found Plaintiff could perform her past relevant work as a cafeteria worker.  (R. at 632.)  Accordingly, the ALJ found that Plaintiff was not disabled.  (R. at 632, 633.)

16. Plaintiff now argues that the RFC determination is not supported by substantial evidence for several reasons.  First, she claims the ALJ improperly gave great weight to the one-time alleged stale October 2016 opinion of consultative examiner Dr. David Brauer, particularly given her right hallux (great toe) surgery performed in December 2019.

17. Second, she contends that the ALJ failed to reconcile the RFC with the more restrictive portions of the opinions of ANP Lydia Lutkoff and LMSW Megan Swanson.

18. Third, Plaintiff argues that the ALJ improperly rejected the medical findings of ANP Lutkoff and FNP Vaccaro by disregarding medical treatment by these practitioners.

19. For the reasons articulated below, this Court need only address Plaintiff's third argument that the ALJ improperly rejected the physical findings made by ANP Lutkoff and FNP Vaccaro. Plaintiff's other arguments, however, are unavailing.

20. In that third argument, Plaintiff contends that the ALJ improperly rejected the opinions of ANP Lutkoff and FNP Vaccaro relative to her physical limitations (R. at 43-44, 51-52). This Court agrees.

21. Pursuant to the remand ordered by Magistrate Judge McCarthy, Carol S. B., supra, 2021 WL 3629397, at *3 n.5 (R. at 713), the ALJ considered these opinions but afforded the physical assessments therein little weight despite assigning great weight to ANP Lutkoff's psychiatric assessments (R. at 631-32). In doing so the ALJ noted that ANP Lutkoff and FNP Vaccaro only treated Plaintiff for her mental health and not her physical conditions (R. at 631, 632).

22. On April 28, 2017, ANP Lutkoff did report that Plaintiff had anxiety as well as arthritis in her left knee. ANP Lutkoff found that Plaintiff had moderate limitations in walking, standing, lifting, pushing, pulling, bending, and climbing due to arthritis and chronic left knee pain. (R. at 43-44, 857, 632.)

23. On April 24, 2018, FNP Vaccaro examined Plaintiff and noted that Plaintiff had degenerative joint disease, bipolar disorder, and depression, finding that Plaintiff had moderate physical limitations in walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and climbing. (R. at 51-52.)

24. A non-medical source such as a nurse practitioner remains qualified to present evidence regarding the severity of a claimant's impairments, 20 C.F.R. §§ 404.1527(f)(1), 416.927(f)(1).

25. This Court holds that the ALJ erred on two grounds. First, FNP Vaccaro's report was cosigned by Dr. Jon Kucera, an acceptable medical source under the pre-March 27, 2017, regulations. 20 C.F.R. §§ 404.1502(a)(1), 416.902(a)(1). By giving this report little weight, the ALJ violated the treating physician rule. Id. §§ 404.1527(c), 416.927(c).

26. The ALJ errs when he rejects a report by a non-physician that is also signed by the treating physician. See Ford v. Astrue, No. 09-CV-6280 CJS, 2010 WL 4365836, at *13 n.14 (W.D.N.Y. Nov. 3, 2010) (citing cases). By the doctor signing the report authored by the non-physician, the opinions stated therein are those of the physician. Riechl v. Barnhart, No. 02-CV-6169 CJS, 2003 WL 21730126, at *11 (W.D.N.Y. June 3, 2003). By the doctor so signing that report, it "should be evaluated under the treating physician rule unless evidence indicates that the report does not reflect the doctor's views." Djuzo v. Comm'r, No. 5:13-CV-272 (GLS/ESH), 2014 WL 5823104, at *4 & n.10 (N.D.N.Y. Nov. 7, 2014).

27. Here, Dr. Kucera cosigned FNP Vaccaro's April 24, 2018, report (R. at 52). The ALJ erred in rejecting this report despite Dr. Kucera's signature.

28. Moreover, this Court finds that there is no evidence that FNP Vacarro's report did not reflect the views of Dr. Kucera. Absent any evidence of the doctor's contrary opinion, the ALJ should have accepted Dr. Kucera and FNP Vaccaro's April 2018 report under the treating physician rule. This Court concludes that the ALJ erred in affording this report little weight. On remand, the ALJ shall reconsider this report and recognize that it was from an acceptable medical source.

29. Second, the ALJ also erred in finding that ANP Lutkoff and FNP Vaccaro never treated Plaintiff's physical ailments, thereby affording little weight to their medical diagnoses and findings. (R. at 631.) The ALJ inappropriately disregarded medical evidence in this record of treatment by ANP Lutkoff and FNP Vaccaro.

30. The record, however, shows that ANP Lutkoff and FNP Vaccaro treated Plaintiff for her physical condition. (E.g., R. at 1811-13, 2103-09.) ANP Lutkoff's and FNP Vaccaro's reports listed Plaintiff's left knee arthritis and noted limitations arising from her severe chronic knee pain as well as her psychological conditions. (R. at 43, 44, 51, 52.)

31. This Court holds that the ALJ erred in overlooking the physical treatment by ANP Lutkoff and FNP Vaccaro, thus erroneously focused exclusively on their mental health assessments (R. at 631-32). As a result, Plaintiff's Motion for Judgment on this ground is granted, Defendant's motion is denied, and the case is remanded for consideration of the medical assessments by ANP Lutkoff and FNP Vaccaro.

32. Accordingly, having reviewed the ALJ's decision and having considered Plaintiff's arguments, this Court finds that the ALJ erred in disregarding the medical treatment by ANP Lutkoff and FNP Vaccaro and hence inappropriately weighing their opinions. This error warrants remand. Plaintiff's other arguments are rejected. Plaintiff's Motion for Judgment on the Pleadings is therefore granted and Defendant's Motion for Judgment on the Pleadings is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 11) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      March 27, 2024
            Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge